# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED

December 19, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ROSA L. BRAGG,**
**Claimant Below, Petitioner**

**vs.)    No. 12-0539**  (BOR Appeal No. 2046570)
(Claim No. 930019737)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**RALEIGH COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Rosa L. Bragg, by Cathy Greiner, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Brandolyn Felton-Ernest, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 25, 2012, in which the Board affirmed an October 27, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges modified the claims administrator's November 20, 2009, decision granting Ms. Bragg no permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Ms. Bragg developed a skin reaction on both hands on September 12, 1992, following exposure to detergent through her work as a cook with the Raleigh County Board of Education. The claim was held compensable and Ms. Bragg was granted a 15% permanent partial disability award. Ms. Bragg has undergone three additional independent medical evaluations to determine whether she sustained any additional impairment as a result of her compensable injury. On December 15, 2008, Dr. Poletajev examined Ms. Bragg and recommended a total of a 54% permanent partial disability award for her compensable injury. On July 9, 2009, Dr. Hoh examined Ms. Bragg and recommended a 0% permanent partial disability award for her compensable injury. On July 13, 2011, Dr. Jin evaluated Ms. Bragg and found that she is entitled to no additional permanent partial disability award above the 15% permanent partial disability award she has already received. On November 20, 2009, the claims administrator granted Ms. Bragg no permanent partial disability award.

In its Order, the Office of Judges modified the claims administrator's November 20, 2009, decision and found that Ms. Bragg is entitled to no additional permanent partial disability award above the 15% award previously granted. Ms. Bragg disputes this finding and asserts, per the opinion of Dr. Poletajev, that she is entitled to a total of a 54% permanent partial disability award as a result of her compensable injury.

The Office of Judges found that the evidence of record does not demonstrate that Ms. Bragg has greater than 15% whole person impairment as a result of her compensable injury. The Office of Judges noted that Dr. Poletajev's impairment recommendation was more than double that of any other physician who has ever evaluated Ms. Bragg in relation to her compensable injury. The Office of Judges then found that Dr. Hoh's report is not credible because it is apparent from the evidentiary record that Ms. Bragg does have some permanent impairment resulting from her compensable injury. Finally, the Office of Judges found that the claims administrator should have taken note of Ms. Bragg's prior 15% permanent partial disability award in its decision. The Board of Review reached the same reasoned conclusions in its decision of April 25, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: December 19, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II